## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| VICTORIA A. BLAYLOCK, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 4:20-cv-04218 |
| MIDLAND CREDIT MANAGEMENT, INC, | |
| Defendant. | DEMAND FOR JURY TRIAL |

### <u>COMPLAINT</u>

NOW comes VICTORIA A. BLAYLOCK ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

**PARTIES**

4.   Plaintiff is a consumer over 18 years-of-age residing in Richmond, Texas, which lies within the Southern District of Texas.

5.   Defendant is a collection company that claims to, "specialize in servicing accounts that have fallen behind and have been charged off by the lender."[1] Defendant is incorporated in the state of Kansas and maintains its principal place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7.   The instant action arises out of Defendant's attempt to collect upon an outstanding debt ("subject debt") that Plaintiff allegedly owed to Synchrony Bank ("Synchrony").

8.   Plaintiff used her Synchrony credit card to finance the purchase of various household and personal items.

9.   Upon information and belief, after Plaintiff's purported default, the subject debt was charged off by Synchrony and eventually sold to Defendant for collection purposes.

10.   In connection with Defendant's efforts to collect upon the subject debt, Plaintiff received calls to her cellular phone, (713) XXX-2997, from Defendant.

---

[1] https://www.midlandcredit.com/who-is-mcm/

11.   At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -2997.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

12.   Defendant has called Plaintiff mainly using the phone number (877) 366-1642, however, upon information and belief, Defendant has employed other phone numbers as well.

13.   Upon information and belief, the aforementioned phone number ending in -1642 is regularly utilized by Defendant during its debt collection activity.

14.   Plaintiff, through her contacts with Defendant, was informed that Defendant was acting as a debt collector attempting to collect upon the subject debt.

15.   Upon speaking to Plaintiff, Defendant threatened to file a lawsuit against Plaintiff if she did not immediately satisfy the subject debt in full.

16.   Plaintiff feared that Defendant would actually file a lawsuit against her if she did not satisfy the subject debt in full, which caused her to panic and suffer emotional distress, as she did not have the means to satisfy the subject debt.

17.   As a result of Defendant's hostile and aggressive response, Plaintiff disconnected the call.

18.   Further, upon information and belief, and further given the nature of Defendant's business as a debt collector and debt purchaser, Defendant would have accepted less than full payment on the subject debt before turning to litigation as a means to collect a debt.

19.   Rather than inform Plaintiff of these possibilities, Defendant instead falsely threatened that the only way for Plaintiff to avoid litigation would be to pay the subject debt in full.

20.   As such, Plaintiff was misled and deceived into believing that she would be subjected to a lawsuit due to her inability to address the subject debt in full.

21.   In addition to the harassing and misleading Plaintiff with deceptive and abusive threats, Defendant also saw fit to contact Plaintiff's mother regarding the subject debt, despite her having no connection to the subject debt and Defendant having Plaintiff's location and contact information.

22.   Upon information and belief, Defendant placed the phone call to Plaintiff's mother not in a legitimate attempt to gather location information regarding Plaintiff – as Defendant already had Plaintiff's contact information and knew how to get a hold of Plaintiff – but instead to force Plaintiff's mother to put outward pressure on Plaintiff to address the subject debt.

23.   Overwhelmed and concerned by the nature of Defendant's calls and frustrated over Defendant's conduct, Plaintiff spoke with her undersigned attorney regarding her rights, resulting in exhausting time and resources.

24.   Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25.   Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, embarrassment that a third party was roped into Defendant's collection efforts, emotional distress, undue fear of litigation, aggravation that accompanies collection telephone calls, emotional distress, and numerous violations of Plaintiff's state and federally protected interests to be free from harassing and abusive debt collection conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26.   Plaintiff repeats and realleges paragraphs 1 through 25 as though full set forth herein.

27.   Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

28.   Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

29.   Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

30.   The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a.   Violations of FDCPA §1692c

31.   The FDCPA, pursuant to 15 U.S.C. § 1692(c)(b), provides that "without the prior consent of the consumer given directly to the debt collector . . . a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency, the attorney of the creditor, or the attorney of the debt collector."

32.   Defendant violated 15 U.S.C. § 1692(c)(b) when it contacted Plaintiff's mother in connection with its efforts to collect the subject debt from Plaintiff. Defendant had no consent to call Plaintiff's mother yet, chose to do so despite already having Plaintiff's location and contact information. As such, Defendant impermissibly contacted Plaintiff's mother in connection with its efforts to collect upon the debt from Plaintiff.

33.   Defendant used such conduct in order to embarrass and harass Plaintiff into paying the subject debt. This caused Plaintiff to experience a great amount of embarrassment and anxiety. The FDCPA was enacted to prevent this exact type of behavior from debt collectors, as it could, and did, lead to a stressful and embarrassing situation.

### b.   Violations of FDCPA §1692d

34. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in

connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

35. Defendant violated § 1692d through the threats made to Plaintiff that if she did not pay the subject debt in full, she would subjected to a lawsuit imminently. These threats were made not with the intent to follow through, but were instead designed to compel Plaintiff's payment on the subject debt. Defendant made these threats in order to harass and oppress Plaintiff into paying the subject debt in full.

### c. Violations of FDCPA § 1692e

36. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

37. In addition, this section enumerates specific violations, such as:

"The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

38. Defendant violated §§ 1692e, e(5), and e(10) through its false threats to Plaintiff. Defendant's threats suggested to Plaintiff that the only way to avoid litigation would be to pay the subject debt in full. However, upon information and belief, such statement was demonstrably false as Defendant, a debt purchaser who purchased the subject debt for pennies on the dollar, would have accepted less than the full balance in order to avoid litigation. As such, Defendant made such threats not in a legitimate warning of action it intended to take, but instead to unduly increase the pressure on Plaintiff to address the subject debt in full.

### d. Violations of FDCPA § 1692f

39. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

40. Defendant violated §1692f when it unfairly threatened Plaintiff. Defendant made these unfair threats in order to scare Plaintiff into making a payment on the subject debt when she could not afford to.

41. Defendant further violated § 1692f when it unfairly contacted third parties regarding the subject debt. Despite Defendant already having Plaintiff's location and contact information, Defendant nevertheless contacted such third parties in an unfair attempt to increase the pressure on Plaintiff to address the subject debt in full.

WHEREFORE, Plaintiff, VICTORIA A. BLAYLOCK, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

42. Plaintiff restates and realleges paragraphs 1 through 41 as though fully set forth herein.

43.  Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

44.  Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

45.  The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a.   Violations of TDCA § 392.304

46. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

47. Defendant violated the TDCA through its false threats to Plaintiff. Defendant made such threats not in a legitimate warning of action it intended to take, but instead to unduly increase the pressure on Plaintiff to address the subject debt.

WHEREFORE, Plaintiff, VICTORIA A. BLAYLOCK, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.   Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c.   Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d.   Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e.   Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f.  Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

g.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 11, 2020

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Federal I.D. No. 3098183
Counsel for Plaintiff
Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/Eric D. Coleman
Eric D. Coleman, Esq. #6326734
Federal I.D. No. 3442886
Counsel for Plaintiff
Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com

s/ Alejandro E. Figueroa
Alejandro E. Figueroa, Esq. # 6323891
Federal I.D. No. 3470107
Counsel for Plaintiff
Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(630) 575-8181, ext. 120 (phone)
(630) 575-8188 (fax)
alejandrof@sulaimanlaw.com